# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ESTHER GARDUÑO MONTOYA,
LONNY RAY MONTOYA, and
JOSEPH ULIBARRI,

      Plaintiffs,

v.                                        Civil No. 02-1542 WJ/RHS

TRANSCON EXPRESS, INC., and
WATER LINES, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR REMAND
## AND REMANDING CASE TO STATE COURT

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion for Remand [Docket No. 5]. Having reviewed the submissions of the parties, I find the motion is well taken and will be granted.

Plaintiffs' Complaint was originally filed in the Fourth Judicial District Court, County of San Miguel, State of New Mexico on December 6, 2001. On February 4, 2002, the Secretary of State for the State of New Mexico accepted service on behalf of Defendant Transcon Express, Inc. (Transcon). On March 4, 2002, Plaintiffs filed an Amended Complaint in the state court. Also on March 4, 2002, an alias summons was issued directed to Water Lines, Inc. (Water Lines). On March 26, 2002, the Secretary of State for the State of New Mexico accepted service on behalf of Defendant Water Lines. Defendant Water Lines filed an Answer in state court on April 18, 2002. Defendant Transcon filed in state court a Motion for Summary Judgment for Lack of

Personal Jurisdiction on April 26, 2002.  On December 6, 2002, Defendants Water Lines and Transcon filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441and 1446.  Defendants alleged the subject matter jurisdiction of this federal court on the basis of 28 U.S.C. § 1332, diversity jurisdiction.

Plaintiffs filed a timely motion to remand on January 6, 2003.  As grounds for remand, Plaintiffs argue that Defendants have failed to meet the amount in controversy requirement and did not timely remove the action to federal court.  Defendant Water Line has, by previous motion, challenged whether the motion to remand is still pending.  See Docket No. 52 and the Order denying the motion at Docket No. 56.  However, even if the parties were to withdraw the motion to remand, the Court has a duty to *sua sponte* address its apparent lack of subject matter jurisdiction over this case.  Fed. R. Civ. P. 12(h)(3); Tuck v. United Serv. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988).

**LEGAL STANDARD**

For purposes of diversity jurisdiction, the amount in controversy is ordinarily determined by the allegations in the complaint or by allegations in the notice of removal to federal court. Laughlin v. KMart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  The burden is on the party requesting removal to set for in the notice of removal the assertion that the amount in controversy exceeds the jurisdictional amount and the underlying facts in support of that assertion.  Id.  There is a presumption against removal jurisdiction.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001); Laughlin, 50 F.3d at 873.  With regard to the amount in controversy, separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the

jurisdictionally required amount.  Snyder v. Harris, 394 U.S. 332, 335 (1969); Gallagher v. Continental Ins. Co., 502 F.2d 827 (10th Cir. 1974).

**DISCUSSION**

In Laughlin, the Tenth Circuit made clear that the party removing an action to federal court must establish the jurisdiction of the court on the face of either the complaint or the notice of removal.  50 F.3d at 873.  The Tenth Circuit found that the federal courts lacked jurisdiction over that case because the defendant had failed to include in its notice of removal the underlying facts supporting the assertion that the amount in controversy exceeded the jurisdictional amount. Id.  While the defendant had included sufficient facts in its jurisdictional brief, the court found that this recitation of facts, including economic analysis of those facts, prepared after the notice of removal, did not establish the existence of jurisdiction at the time of removal.  Id.  The court held that "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."  Id.

Defendant Water Lines argues that Plaintiffs failed to timely respond to discovery requests in state court on the issue of the amount in controversy and should be estopped to deny that the jurisdictional amount is met.  For the same reasons, Defendant Water Lines urges the Court to consider information that has been obtained since the notice of removal was filed and that is contained in its response to the motion to remand.

The Court does not believe it may consider this information in light of Laughlin. However, if the Court considered the information, it is still insufficient to support an assertion that the amount in controversy exceeds the jurisdictionally required amount.  Water Lines asserts that Plaintiff Lonny Montoya's damages are in excess of $75,000.  However, with regard to Plaintiffs

3

Esther Montoya[1] and Joseph Ulibarri,[2] Water Lines argues that their damages, when added to those of Lonny Motoya, will result in a total amount in controversy exceeding $75,000. The problem with Water Lines' argument and analysis is that its assertion relies on an aggregation of the Plaintiffs' damages. Plaintiffs' damages cannot be aggregated to meet the amount in controversy requirement of 28 U.S.C. § 1332. Snyder v. Harris, 394 U.S. 332, 335 (1969); Gallagher v. Continental Ins. Co., 502 F.2d 827 (10th Cir. 1974).

Based on all of the information available to the Court, even including the additional information in Water Lines' response brief, this case does not meet the amount in controversy requirement of 28 U.S.C. 1332, and this Court lacks subject matter jurisdiction of the action. Accordingly, the case will be remanded to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand [Docket No. 5] is hereby GRANTED and this matter is remanded to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Water Lines asserts that Ms. Montoya has medical expenses of $1,957.11 and property damage of $9,000.

[2] Water Lines asserts that Mr. Ulibarri has at least $2,327 in medical expenses